**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4825

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LUIS ALBERTO VELASCO-GODINEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-04-134)

Submitted: July 29, 2005        Decided: September 26, 2005

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Luis Alberto Velasco-Godinez pled guilty to illegal reentry by a deported alien after conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) & (b)(2) (2000). The district court sentenced Velasco-Godinez under the Federal Sentencing Guidelines to twenty-three months in prison. Velasco-Godinez timely appealed, challenging the district court's calculation of his criminal history score. We affirm.

Velasco-Godinez contends that his sentence is unconstitutional in light of Blakely v. Washington, 542 U.S. 296 (2004). Because he preserved this issue by objecting to the presentence report based upon Blakely, this court's review is de novo. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). When a defendant preserves a Sixth Amendment error, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)).

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory manner in which the Federal

Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.  Id. at 746, 750 (Stevens, J., opinion of the Court).  The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory.  Id. at 746 (Stevens, J., opinion of the Court); id. at 756-57 (Breyer, J., opinion of the Court).

In calculating Velasco-Godinez's criminal history score, the district court assigned four criminal history points based upon prior convictions and two criminal history points based upon the court's finding that Velasco-Godinez committed the instant offense while a probation violation warrant was outstanding.  U.S. Sentencing Guidelines Manual § 4A1.1 (2003).  Thus, Velasco-Godinez's criminal history score placed him in Criminal History Category III.  Based on this criminal history category and an offense level of 13, Velasco-Godinez's guideline range was eighteen to twenty-four months imprisonment.

Regarding his criminal history points for prior convictions, Velasco-Godinez argues that the factual findings required to determine whether particular convictions are countable and how many points are assessed involve more than the mere fact of a prior conviction and therefore are subject to the requirements of Blakely.  In Almendarez-Torres v. United States, 523 U.S. 224, 233-

35 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. Although the opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), expressed some uncertainty regarding the future vitality of Almendarez-Torres, this court has subsequently confirmed that Almendarez-Torres was not overruled by Apprendi, and remains the law. United States v. Cheek, 415 F.3d 349 (4th Cir. 2005); see United States v. Sterling, 283 F.3d 216, 220 (4th Cir. 2002); see generally Shepard v. United States, 125 S. Ct. 1254 (2005) (discussing documents that a sentencing court may consider in determining whether a prior conviction is considered a violent felony).

Turning to the two criminal history points assessed because Velasco-Godinez committed the instant offense while a probation violation warrant was outstanding, we find that any error in assessing these points is harmless because even without the two points, Velasco-Godinez's criminal history score would place him in Criminal History Category III. USSG Ch. 5, Pt. A (Sentencing Table).

Furthermore, to determine the guideline range free of judicial enhancements, this court uses the defendant's "guideline range based on the facts he admitted before adjusting that range

- 4 -

for acceptance of responsibility." <u>United States v. Evans</u>, 416 F.3d 298, 300 n.4 (4th Cir. 2005). In this case, Velasco-Godinez's offense level without the three-level adjustment for acceptance of responsibility would be 16. The guideline range for offense level 16 and criminal history category III is twenty-seven to thirty-three months imprisonment. USSG Ch. 5, Pt. A (Sentencing Table). Velasco-Godinez's twenty-three month sentence does not exceed the maximum sentence authorized by the facts he admitted. <u>Evans</u>, 416 F.3d at 300.

For the reasons stated, we affirm Velasco-Godinez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>